IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY TRENT LAPLANTE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-517-G-BN |
| | § | |
| KARÜN EYEWEAR, INC. d/b/a, | § | |
| KARÜN US, INC. and THOMAS | § | |
| KIMBER | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This lawsuit has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. *See* Dkt. Nos. 1, 8.

Plaintiff Jeffrey LaPlante filed a *pro se* complaint against his former employer, Defendant Karün Eyewear, Inc. and its CEO, Thomas Kimber. *See* Dkt. No. 3.

Defendants have filed a Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6); or in the Alternative, for more Definite Statement Under Fed. R. Civ. P. 12(e) ("motion to dismiss"). *See* Dkt. No. 11. LaPlante responded. *See* Dkt. No. 12.

Following the motion to dismiss and the response, LaPlante filed a Motion for Summary Judgment. *See* Dkt. No. 13. Defendants responded. *See* Dkt. No. 15.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent set out below, the Court

should grant the motion to dismiss only as to the claims against Kimber, grant the motion for a more definite statement by requiring that LaPlante file an amended complaint providing more detailed factual information, and deny the motion for summary judgment.

## Background

LaPlante seeks to recover a signing bonus, lost wages, punitive damages, and injunctive relief which would freeze Karün's US assets and product sales. Dkt. No. 3 at 4-5. In his claim, LaPlante alleges that he was hired away from his old employer by Karün with the promise of a $100,000 signing bonus to be paid over four years. *See id.* at 4. LaPlante further alleges that the four-year payment period was subject to an exception that would require the company to pay the remainder of the signing bonus if "the owners" terminated his employment to make changes in the sales team. *Id.* To support his claims, LaPlante attached an offer of employment to the Complaint. *See id.* at 6. This offer includes the term regarding changes to the sales team and others, including one stating that LaPlante's employment was to be on an at-will basis. *See id.*

LaPlante did not explicitly state any legal theory for recovery in the main body of the Complaint, but, on the cover sheet attached to his claim, he listed as his causes of action "Fraud/Promissory [Estoppel]/Failure to pay promised signing bonus 18 U.S. Code § 1038." *See Id.* at 4, 8.

Because LaPlante is a citizen of Texas and Karün is headquartered in Florida, the analysis below applies both Florida and Texas law to avoid unnecessarily making

a judgment on the correct choice of law at this time.

## Legal Standards

### I. Motion to dismiss

In deciding a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Such a motion is therefore "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the Complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v.*

*FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, Fed. R. Civ. P. 8(a)(2)))).

Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

So, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per

curiam) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities*, 920 F.2d at 899 ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citation omitted)).

"*Pro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff' and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project*, 920 F.2d at 900 (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence

201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting Fed. R. Civ. P. 10(c); citations omitted)). And, "[w]hen 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing, in turn, *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). And, while the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is

- 6 -

based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

And a plaintiff may not amend his allegations through a response to a motion to dismiss. "[A] claim for relief" must be made through a pleading, Fed. R. Civ. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, Fed. R. Civ. P. 7(a); *see, e.g.*, *Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted)).

## II. Motion for a more definite statement

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response," and "[t]he motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." FED. R. CIV. P. 12(e). "A motion for a more definite statement under Rule 12(e) is available where the pleading 'is so vague or ambiguous that the party cannot reasonably prepare a response.'" *Conceal City, L.L.C. v. Looper Law Enforcement, L.L.C.*, 917 F. Supp. 2d 611, 621 (N.D. Tex.

2013) (quoting FED. R. CIV. P. 12(e)).

"Motions for a more definite statement are generally disfavored." *Johnson v. BAE Sys. Land & Armaments, L.P.*, No. 3:12-cv-1790-D, 2012 WL 5903780, at *4 (N.D. Tex. Nov. 26, 2012) (cleaned up). "When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede [its] ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted." *Id.* (cleaned up).

## Analysis

When considering Defendants' motion to dismiss, the offer attached to the Complaint should be considered [Dkt. No. 1 at 6-8], but not the email exchange attached to Defendants' motion to dismiss [Dkt. No. 11 at 12–18]. While the email exchange is indirectly referenced in LaPlante's Complaint, the exchange is not "central to [his] claim," *Collins*, 224 F.3d at 498-99 (quoting *Venture Assocs. Corp.*, 987 F.2d at 431). It is, rather, evidence of an element of LaPlante's claim, namely how the provision regarding early payment of the bonus should be interpreted. *See Kaye*, 453 B.R. at 662. And so it should not be considered on a Rule 12(b)(6) motion.

Even if the email exchange could be considered in a Rule 12(b)(6) motion, it would not be appropriate to do so in this case. Under both Texas and Florida law, extrinsic evidence is only considered to resolve latent ambiguity in a contract. *See King v. Baylor Univ.*, 46 F.4th 344, 362 (5th Cir. 2022); *see also Johnson Enter. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1310 (11th Cir. 1998). Where a contract term can be given its plain meaning, that meaning should be applied. *See*

*King*, 46 F.4th at 362; *see also Philips Lake Worth, L.P. v. BankAtlantic*, 85 So. 3d 1221, 1225 (Fla. Dist. Ct. App. 2012).

The term at issue here reads: "If the owners decided to make changes in our team, we paid the difference to complete the total of the signing bonus." Dkt. No. 3 at 6. Because the term "owners" of the employment agreement at issue here can be given its plain meaning as "whoever owns Karün Eyewear," there is no latent ambiguity as to the meaning of the term, and extrinsic evidence should not be considered for interpretation.

**I.    The motion to dismiss should be granted as to claims against Kimber.**

LaPlante's claims against Kimber should be dismissed because he has failed to plead facts sufficient to support a plausible claim against him. The Complaint does not mention Kimber at all except to name him as a party to the case. *See* Dkt. No. 1.

Without any factual allegations relating to Kimber, LaPlante has not raised his right to relief beyond a speculative level, and the claims should be dismissed. *See Twombly*, 556 U.S. at 555.

**II.   The motion to dismiss should be denied as to Karün Eyewear, Inc.**

Defendants contend that LaPlante's Complaint against Karün Eyewear must fail because he has failed to plead facts sufficient to support a cause for promissory estoppel or for fraud or misrepresentation.

But these arguments revolve around whether LaPlante has "set out a legal theory for [his] relief," which is not required by *Twombly* and *Iqbal*. *See Johnson*, 574 U.S. at 12. The United States "Supreme Court has made clear that a Rule 12(b)(6)

motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 574 U.S. at 12), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11. In his Complaint, LaPlante only needed to demonstrate that he "'is entitled to any relief which the court can grant, regardless of whether [he] asks for proper relief.'" *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales Inc.*, No. 07-3127, 2008 WL 506099, at *5 (E.D. La. 2008) (quoting *Dotschay v. Nat'l Mut. Ins. Co.*, 246 F.2d 221, 223 (5th Cir. 1957)).

When taking all of LaPlante's factual allegations as true, he has demonstrated that he is entitled to relief which this Court can grant. Although LaPlante included very few facts, the facts that he did include establish the plausibility of wrongdoing on the part of Karün.

### a. The plaintiff has pleaded a plausible promissory estoppel claim.

The facts that LaPlante sets out in his Complaint are sufficient to support a cause of action for promissory estoppel, which would be relevant if the Court finds that there is no enforceable contract.

To succeed on a claim for promissory estoppel under either Texas or Florida law, a plaintiff must demonstrate that (1) the plaintiff detrimentally relied on a promise made by the defendant; (2) that the defendant reasonably should have expected the promise to induce reliance in the form of action or forbearance on the part of the plaintiff or a third person; and (3) that injustice can be avoided only by

enforcement of the promise against the defendant. *See Pegram v. Honeywell, Inc.*, 361 F.3d 272, 288 (5th Cir. 2004); *see also W.R. Townsend Contracting, Inc. v. Jensen Civ. Constr. Inc.*, 728 So. 2d 297, 302 (Fla. Dist. Ct. App. 1999).

LaPlante's Complaint alleges that he was gainfully employed prior Karün hiring him. The Complaint stated that part of the consideration that led to LaPlante leaving his old job in favor of Karün was the signing bonus.

LaPlante also alleges facts to show that his reliance was detrimental by stating that he has been unable to find other employment since separating with Karün.

While LaPlante does not explicitly mention the foreseeability of his reliance on Karün's promise, the nature of an offer of employment is such that it may be reasonably expected to result in performance. *C.f. Berg v. Sage Env't Consulting of Austin, Inc.*, No. 3:05-CV-1215-G, 2005 WL 2381593, at *6 (N.D. Tex Aug. 16, 2006) (applying Louisiana law, which is analogous to Texas employment law, and declining to find as a matter of law that reliance on a signing bonus for new at-will employment was unreasonable).

When taken as true, these factual allegations plausibly demonstrate the elements of promissory estoppel.

But, because promissory estoppel requires that there is no enforceable contract between the parties, *see Drs. Hosp. 1997, L.P. v. Sambuca Houston, L.P.*, 154 S.W.3d 634, 636 (Tex. App. 2004), in his amended pleading to be filed as a result of Defendants' motion for a more definite statement, LaPlante should explicitly state

whether promissory estoppel is an alternative theory of relief or if he is of the opinion that the employment agreement is unenforceable.

### b. The plaintiff has pleaded sufficient factual allegations to suggest he is entitled to other relief which the Court may grant.

If, as Defendants suggest in their response, promissory estoppel is not available to LaPlante because of the existence of the employment contract, LaPlante has still pleaded enough factual allegations to suggest wrongdoing on the part of Karün Eyewear.

Based on the liberal pleading requirements that are applied to a pro se plaintiff's complaint, LaPlante has overcome the motion to dismiss by alleging that Karün agreed to provide the $100,0000 signing bonus and has refused to do so.

## III. The motion for a more definite statement should be granted.

Because LaPlante's factual allegations are sparse and his legal theories poorly articulated, Defendants' motion for a more definite statement should be granted.

LaPlante's Complaint consists of six sentences of factual allegations in his Statement of Claim supplemented by his Request for Relief. Dkt. No. 3 at 4. Nowhere in either section does LaPlante explicitly state his legal theory. *See id.*

Though the facts are sufficient to present a plausible case for relief that the Court can provide, the Complaint lacks details and does not contain sufficient information to allow a responsive pleading to be framed. *See Sisk v. Texas Parks & Wildlife*, 644 F.2d 1056, 1059 (5th Cir. 1981).

## IV. The summary judgment motion should be denied without prejudice.

For all the reasons reflecting that LaPlante's pleading is deficient, he cannot

prevail on a motion for summary judgment in his favor, which requires that he "establish beyond peradventure all of the essential elements of [each claim]." *Hughes v. Dillard, Inc.*, No. 3:09-cv-218-D, 2009 WL 4279414, at *3 (N.D. Tex. Nov. 30, 2009) (cleaned up). As his case is currently pleaded, he cannot meet this heavy burden.

LaPlante's motion for summary judgment should be denied without prejudice.

## Recommendation

The Court should grant Defendants' motion to dismiss [Dkt. No. 11] as to Plaintiff Jeffrey LaPlante's claims against Thomas Kimber individually and grant the motion for a more definite statement as to the remaining claims against Karün Eyewear L.L.C. LaPlante should be given fourteen days to amend his complaint to satisfy the pleading standards of Federal Rule of Civil Procedure 8(a).

LaPlante's motion for summary judgment [Dkt. No. 13] should be denied without prejudice. He should be allowed to file another motion for summary judgment at a more appropriate time, notwithstanding the local rule's limitation on multiple motions for summary judgment. *See* N.D. TEX. L. CIV. R. 56.2(b) ("Unless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment.").

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 11, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE